John Parker Sweeney
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax

**Bradley**

February 19, 2025

**Via CM/ECF**
Nwamaka Anowi, Clerk of Court
United States Court of Appeals for the Fourth Circuit

　　　　**RE:**　Notice of Supplemental Authority, *Kipke v. Moore*, No. 24-1799 (L), *Novotny v. Moore*, No. 24-1827

Dear Ms. Anowi,

Plaintiffs invite the Court's attention to the recent decision of the Fifth Circuit unanimously striking down the federal laws that "prohibit Federal Firearms Licensees from selling handguns to eighteen-to-twenty-year-old adults" because they are "inconsistent with the Second Amendment." *Reese v. ATF*, --- F.4th ----, 2025 WL 340799, at *1 (5th Cir. Jan. 30, 2025). Although this appeal involves challenges to locational restrictions, the Fifth Circuit's thorough analysis is instructive as to several issues in this appeal.

First, *Reese* confirms that historical regulations at schools were exercises of "heightened authority over student conduct *in loco parentis*" and that such actions otherwise "say little about the general scope of Constitutional rights and protections." *Id.* at *10. *Reese* held that historical university restrictions were "inapt in scope and purpose" to the federal ban on selling handguns to 18-to-20-year-olds. *Id.* And *Reese* correctly refrained from extrapolating "broad[]" rules from *Heller*'s discussion of sensitive places that "would 'eviscerate the general right to publicly carry arms for self-defense.'" *Id.* (citation omitted). Maryland cannot rely on evidence of restrictions at schools to justify its Carry Bans, which concern locations at which the government does not exercise *in loco parentis* authority and restrict everyone's ability to carry—not just students. Nor can Maryland simply invoke *Heller*'s discussion of schools to justify banning firearms wherever students (*e.g.*, children) or even any "vulnerable population" might be found.

Second, *Reese* "focuse[d] intently on the evidence" that existed "near and at the founding." *Id.* at *1. The court declined to justify the challenged ban through Reconstruction Era evidence that was "too late in time" and "inconsistent" with earlier evidence. *Id.* at *13 (emphasis omitted). Maryland relies almost exclusively on Reconstruction Era laws that are too late to establish historical tradition, contradict Founding Era traditions, and in any event are not remotely comparable to the Carry Bans at issue in this case. Those bans are inconsistent with historical tradition and violate the Second Amendment.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ John Parker Sweeney*
　　　　　　　　　　　　　　　　　　　　John Parker Sweeney
　　　　　　　　　　　　　　　　　　　　Counsel for *Kipke* Plaintiffs

cc: All counsel of record (via CM/ECF)