IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| SUSANNAH WARNER KIPKE, *et al.*, | * | |
| *Plaintiffs-Appellants/ Cross-Appellees*, | * | |
| v. | * | Nos. 24-1799 (L), 24-1834 |
| WES MOORE, *et al.*, | * | |
| *Defendants-Appellees/ Cross-Appellants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| KATHERINE NOVOTNY, *et al.*, | * | |
| *Plaintiffs-Appellants/ Cross-Appellees*, | * | |
| v. | * | Nos. 24-1827, 24-1836 |
| WES MOORE, *et al.*, | * | |
| *Defendants-Appellees/ Cross-Appellants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO MOTION TO STAY THE MANDATE**

Plaintiffs seek a stay of the mandate as to this Court's January 20, 2026 decision, which affirmed in part and reversed in part the judgment of the district court as it relates to the constitutionality of Maryland's prohibitions against the

public carry of firearms in a series of categories of "sensitive places."[1] Because any stay of the mandate would affect only a small subset of these categories, and because this Court's decision as to those categories is supported by a robust historical record of firearm regulation, plaintiffs have failed to demonstrate either that a petition for certiorari would present a substantial question or that there is good cause for staying the mandate.

Federal Rule of Appellate Procedure 41 states that a party who seeks a stay of the mandate based on an intention to file a petition for writ of certiorari in the Supreme Court "must show" (1) "that the petition would present a substantial question" and (2) "that there is good cause for a stay." Fed. R. App. P. 41(b); *see also* L.R. 41 ("A motion for stay of the issuance of the mandate shall not be granted simply upon request. Ordinarily the motion shall be denied unless there is a specific showing that it is not frivolous or filed merely for delay."). Plaintiffs cannot make either showing.

To begin, although plaintiffs attempt to justify a stay with reference to the full complement of issues in these consolidated appeals as a whole, the mandate's

---

[1] This Court's decision also affirmed the district court's holding that Maryland's private property default rule, as applied to property open to the public, is unconstitutional. Because that law was enjoined by the district court, and remains enjoined as a result of this Court's decision, that aspect of the decision is not implicated by the motion to stay the mandate.

2

immediate effect will be far narrower in light of the district court's ruling. The district court upheld the constitutionality of most of Maryland's sensitive-place restrictions. At the same time, it struck down as unconstitutional, and enjoined, the prohibition on public carry as to only two discrete categories of places: locations that are licensed to serve alcohol, and within 1,000 feet of a public demonstration. Neither party sought a stay of the district court's decision, nor did either party seek further injunctive relief in this Court. Accordingly, the only prohibitions currently enjoined remain those relating to locations that are licensed to serve alcohol and locations within 1,000 feet of a public demonstration. And the only change in status quo that would occur if the mandate issues is that the injunction would be lifted as to these two prohibitions. Thus, in adjudicating this motion, this Court should limit its focus to its rulings on these two prohibitions.

A petition for certiorari would not present a substantial question as to either of these rulings. First, by upholding Maryland's prohibition on carrying firearms at places that serve alcohol, this Court's decision brought this circuit in line with every other circuit that has addressed this issue. *See Koons v. Attorney General of New Jersey*, 156 F.4th 210, 261-63 (3d Cir.), *vacated and rehearing en banc granted*, 162 F.4th 100 (3d Cir. 2025); *Antonyuk v. James*, 120 F.4th 941, 1027-32 (2d Cir. 2024); *Wolford v. Lopez*, 116 F.4th 959, 985-87 (9th Cir. 2024). In each of these cases, the court engaged in an analysis faithful to *New York State Rifle & Pistol Association v.*

*Bruen*, 597 U.S. 1 (2022), and concluded that restrictions at locations that serve alcohol are consistent with this Nation's traditions of firearm regulation. Given the lack of any disagreement among the circuits, it is thus unlikely that the Supreme Court would be inclined to grant certiorari on this issue. *See* Stephen M. Shapiro *et al.*, *Supreme Court Practice* § 4.4, p. 4-11 (11th ed. 2019) ("The Supreme Court often . . . will grant certiorari where the decision of a federal court of appeals . . . is in direct conflict with a decision of another court of appeals on the same matter of federal law.").

Second, a petition would present no substantial question with regard to the prohibition on public carry within 1,000 feet of a public demonstration. Putting aside the question of standing, this Court correctly concluded that "Maryland's prohibition on carrying guns near public demonstrations is consistent with our national historical tradition of promoting peaceful assemblies, particularly given the interaction between the rights the First and Second Amendments preserve." *Kipke v. Moore*, __ F.4th __, No. 24-1799, 2026 WL 143528, *9 (4th Cir. Jan. 20, 2026). This Court noted that the First Amendment protects "the right of the people *peaceably* to assemble," and that therefore "the government may constitutionally disperse assemblies that threaten the public peace," "particularly where individuals [are] armed with weapons." *Id*. This Court buttressed that conclusion with "evidence from the time of the Founding demonstrat[ing] that the Founders had a

4

tradition of limiting and carefully scrutinizing any threats of violence at public assemblies and saw the presence of weapons as a greater threat the public peace than unarmed assemblies." *Id*. at *10. In light of this robust historical tradition, it is unlikely that the Supreme Court would take up the constitutionality of Maryland's limited prohibition on firearms within 1,000 feet of a public demonstration, much less conclude that the prohibition violates the Second Amendment.

It is not significant, as plaintiffs suggest, that the Supreme Court is hearing two cases this Term that will address Second Amendment claims. *See* Mot. 3-5 (citing *Wolford v. Lopez*, No. 24-1046 (U.S.) (argued Jan. 20, 2026), and *United States v. Hemani*, No. 24-1234 (U.S.) (to be argued Mar. 2, 2026)). Unlike cases such as *Bruen* or *United States v. Rahimi*, 602 U.S. 680 (2024), whose overarching focus was the proper standard to be applied in a broad swath of Second Amendment matters, *Wolford* and *Hemani* are poised to address only the application of that standard to their respective contexts. And those contexts are entirely dissimilar from the claims that would be affected by any stay in this case. *Hemani* presents the question of *who* may be prohibited from the simple act of possessing a firearm—in that case, a person who "is an unlawful user of or addicted to any controlled substance," 18 U.S.C. § 922(g)(3)—and thus its resolution will have little bearing on the question of which locations a law-abiding person may carry a firearm. *Wolford*, meanwhile, involves the constitutionality of Hawaii's private property

5

default rule. While that case does implicate *where* a firearm may be brought, the analysis necessary to resolve the constitutionality of Hawaii's rule is nonetheless far removed from that required to resolve the constitutionality of the location-specific prohibitions at issue in this case. Furthermore, although this Court upheld the injunction against Maryland's own private property default rule, the requested stay will have no immediate effect as to that rule, which remains enjoined. And the theoretical prospect that the resolution of *Hemani* or *Wolford* might have some *indirect* impact on the principles to be applied to the location-specific prohibitions at issue here does not demonstrate that a petition for certiorari would present a "substantial question."

Nor is there good cause for a stay. As discussed above, the immediate effect of this Court's mandate would relate only to two discrete categories of "sensitive places" where public carry is prohibited—not the full array of prohibitions at issue in these cases—and a stay therefore would have correspondingly limited immediate effect.

More importantly, staying this Court's decision, and thereby interfering with the State's sovereign prerogative to enforce its duly enacted laws, "clearly inflicts irreparable harm on the State." *Abbot v. Perez*, 585 U.S. 579, 602 n.17 (2018); *see also Cameron v. EMW Women's Surgical Ctr.*, 595 U.S. 267, 277 (2022) ("Paramount among the States' retained sovereign powers is the power to enact and

6

enforce any laws that do not conflict with federal law."). That harm is especially clear where, as here, there is an "ongoing and concrete harm" to the State's "law enforcement and public safety interests." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers).

Here, the effect of plaintiffs' motion, if granted, would be to leave in place an injunction against laws designed to prevent gun violence. The risks of allowing firearms at locations serving alcohol and near public demonstrations are obvious. And the risk is not merely of intentional, criminal acts. Accidental shootings, misunderstandings, or arguments can result in serious injury to innocent bystanders when firearms are present, especially if the situation is mixed with alcohol or the emotions that may arise at a demonstration. Indeed, studies show that the presence of weapons increases aggressive behavior and thoughts, meaning that a person in possession of a firearm is more likely to perceive others as hostile and react

7

aggressively to ambiguous situations.[2] Serious risks also flow from the possible loss or theft of a firearm in sensitive places like a crowded bar or in a crowd.[3]

Courts historically have recognized that public safety is an important governmental interest. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 750 (1987); *Schall v. Martin*, 467 U.S. 253, 264 (1984). Because staying enforcement of Maryland's sensitive places restrictions would undermine the public's strong interest in preventing gun violence in areas where people, especially vulnerable populations, congregate, good cause does not exist for a stay of the mandate.

## CONCLUSION

The motion to stay the mandate should be denied.

---

[2] *See* Arlin J. Benjamin Jr. *et al.*, *Effects of Weapons on Aggressive Thoughts, Angry Feelings, Hostile Appraisals, and Aggressive Behavior: A Meta-Analytic Review of the Weapons Effect Literature*, 22 Personality & Social Psych. R. 347, 359 (2018); David Hemenway *et al.*, *Defensive Gun Use: What Can We Learn from News Reports?*, 9 Injury Epidemiology 19, 8 (2022) (reviewing more than 400 news reports on defensive gun use and finding that, in about one in five instances, either both parties were engaged in illegal behavior or it was difficult to distinguish the perpetrator from the victim).

[3] David Hemenway *et al.*, *Whose Guns Are Stolen? The Epidemiology of Gun Theft Victims*, 4 Injury Epidemiology 11, 4 (2017) (finding that persons who carry firearms for self-defense are more than three times more likely to have a firearm stolen); *see also* John J. Donohue *et al.*, *More Guns, More Unintended Consequences: the Effects of Right-to-Carry on Criminal Behavior and Policing in U.S. Cities*, Nat'l Bureau of Econ. Research, Working Paper Series, Working Paper 30190, at 27, http://www.nber.org/papers/w30190 (2002).

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Ryan R. Dietrich
_____

RYAN R. DIETRICH
Assistant Attorney General
Office of the Attorney General
Office of the Solicitor General
200 Saint Paul Place
20th Floor
Baltimore, Maryland 21202
rdietrich@oag.state.md.us
(410) 576-7648
(410) 576-6955 (facsimile)

February 9, 2026                              Attorneys for Appellees

## CERTIFICATE OF SERVICE

I certify that, on this 9th day of February, 2026, the foregoing was filed electronically and served on counsel of record, who are registered CM/ECF users.

/s/ Ryan R. Dietrich
_____
Ryan R. Dietrich

9