**Nos. 24-1799(L), 24-1827, 24-1834, 24-1836**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

———————————————

SUSANNAH WARNER KIPKE, *et al.*,

*Plaintiffs-Appellants / Cross-Appellees*,

v.

WES MOORE, *et al.*,

*Defendants-Appellees / Cross-Appellants*,

———————————————

KATHERINE NOVOTNY, *et al.*,

*Plaintiffs-Appellants / Cross-Appellees*,

v.

WESLEY MOORE, *et al.*,

*Defendants-Appellees / Cross-Appellants*,

———————————————

On Appeal from the United Stated District Court
for the District of Maryland
No. 1:23-cv-01293-GLR
No. 1:23-cv-01295-GLR

———————————————

**PLAINTIFFS-APPELLANTS / CROSS-APPELLEES'
REPLY IN SUPPORT OF MOTION TO STAY THE MANDATE**

———————————————

(Counsel listed on following page)

John Parker Sweeney
James W. Porter, III
William Chadwick Lamar, Jr.
BRADLEY ARANT BOULT CUMMINGS LLP
1900 K Street, NW
Suite 800
Washington, DC 20006
Phone: (202) 719-8216
jsweeney@bradley.com
jporter@bradley.com
clamar@bradley.com

*Attorneys for Plaintiffs-Appellants /
Cross-Appellees Susannah Warner Kipke
and Maryland State Rifle and Pistol
Association, Inc.*

David H. Thompson
Peter A. Patterson
Megan Marie Wold
William V. Bergstrom
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Phone: (202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
mwold@cooperkirk.com
wbergstrom@cooperkirk.com

*Attorneys for Plaintiffs-Appellants /
Cross-Appellees Katherine Novotny,
Sue Burke, Esther Rossberg,
Maryland Shall Issue, Inc., Second
Amendment Foundation, and
Firearms Policy Coalition*

Mark W. Pennak
LAW OFFICES OF MARK W. PENNAK
7416 Ridgewood Ave.
Chevy Chase, MD 20815
Tel: (301) 873-3671
mpennak@marylandshallissue.org

*Attorney for Plaintiffs-Appellants /
Cross-Appellees Katherine Novotny,
Sue Burke, Esther Rossberg,
Maryland Shall Issue, Inc., Second
Amendment Foundation, and
Firearms Policy Coalition*

Following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), recognizing a general right of ordinary citizens to carry firearms in public for self-defense, the State of Maryland in 2023 enacted a sweeping bill that, along with pre-existing bans, severely restricted the public carry of firearms in purported "sensitive places." But before the new public-carry ban could take effect, the district court preliminarily enjoined (1) the State's new prohibition on the carry of firearms at establishments that sell alcohol for onsite consumption and (2) its pre-existing ban on carry within 1,000 feet of a public demonstration. JA1003–1004. The State did not seek a stay of that injunction, so public carry of firearms at those locations has remained lawful in Maryland for two-and-a-half years (and, for the new locations-selling-alcohol ban, since time immemorial). After all this time—and without a single concrete example of harm that the State has suffered because of the injunction—the State now claims irreparable harm in response to Plaintiffs-Appellants/Cross-Appellees' ("Plaintiffs") motion to stay this Court's mandate pending the filing and disposition of their forthcoming petition for a writ of certiorari. Resp. at 6–8. At the same time, the State tries to minimize the breadth of the issues that will be presented in Plaintiffs' forthcoming petition—a tacit concession that a stay of the mandate to preserve the injunction will negligibly affect the State's interests. Resp. at 2–3, 6. Plaintiffs have

satisfied the requirements for a stay, and the State's response fails to persuade for three reasons.

First, the State improperly confines the "substantial question" inquiry to the discrete issues of carry at establishments that sell alcohol and near public demonstrations. To be sure, the need to preserve the district court's injunction for Plaintiffs on those issues gives Plaintiffs "good cause" for a stay. FED. R. APP. P. 41(d)(1). But the relevant inquiry for the "substantial question" part of the stay test is not whether a gerrymandered portion of the petition will present a substantial question; it is whether the "*petition* would present a substantial question." *Id.* (emphasis added); *accord* 4TH CIR. R. 41 ("A motion to stay the mandate . . . must show that the *certiorari petition* would present a substantial question . . . ." (emphasis added)).

In improperly focusing only on two discrete issues, the State fails to respond to the many compelling reasons why Plaintiffs' petition will present a substantial question. The State ignores the increasing likelihood that the Supreme Court will grant a petition addressing public-carry restrictions. The State ignores that the en banc Third Circuit is reconsidering a panel opinion that aligned with this one and poised to create a circuit split over a similar challenge to New Jersey's "sensitive places" law, *Koons v. Att'y Gen. N.J.*, 156 F.4th 210 (3d Cir. 2025), *reh'g en banc granted*, 162 F.4th 100 (3d Cir. 2025), and that the Ninth Circuit has split with panel

majority on total bans on carry on mass public transit like buses, *Wolford v. Lopez*, 116. F.4th 959, 1000–02 (9th Cir. 2024). The State ignores that the Supreme Court recently called for a response in a challenge to Illinois's ban on the possession of firearms in public transportation. *See Schoenthal v. Raoul*, No. 25-541 (U.S.). The State ignores that the panel majority staked out a contrary position to that of several of this Court's sister circuits on the relevance of the Reconstruction (and later) evidence for purposes of the *Bruen* historical-analogue analysis. *Compare* Op. at 13, *with Nat'l Rifle Ass'n v. Bondi*, 133 F.4th 1108, 1116 (11th Cir. 2025) (en banc); *Lara v. Comm'r Pa. State Police*, 125 F.4th 428, 441 (3d Cir. 2025); *Reese v. BATFE*, 127 F.4th 583, 599–600 (5th Cir. 2025); *Worth v. Jacobson*, 108 F.4th 677, 692 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 1924 (2025). And the State ignores the national importance of the question of the extent to which States may limit the "general right to publicly carry arms for self-defense." *Bruen*, 597 U.S. at 31. The State cannot refute the undeniable substantiality and importance of these contested questions in which the Supreme Court has shown interest by ignoring them as part of the State's newly invented test for stay. In any event, the State fails even its own test because it ignores that the panel majority split with the Ninth Circuit with respect to restrictions on carry near public demonstrations. *Wolford*, 116 F.4th at 997–998.

Second, the State attempts to minimize the relevance of the pending decisions in *Wolford v. Lopez*, No. 24-1046 (U.S.) (argued Jan. 20, 2026), and *United States v.*

3

*Hemani*, No. 24-1234 (U.S.) (to be argued Mar. 2, 2026). Contrary to the State's description of *United States v. Rahimi*, 602 U.S. 680 (2024), as focused on the "proper standard to be applied in a broad swath of Second Amendment" cases, Resp. at 5, *Rahimi* presented a concrete question about the application of *Bruen* historical-analogue approach to a specific firearm regulation, just like *Hemani* and *Wolford*, 602 U.S. at 684–85 ("The question is whether" a "federal statute [that] prohibits an individual subject to a domestic violence restraining order from possessing a firearm" is "consistent with the Second Amendment."). Yet in the aftermath of *Rahimi*, the Supreme Court still granted 27 petitions, vacated the judgments below, and remanded ("GVR") for further consideration in light of *Rahimi*. Those petitions presented a wide array of Second Amendment issues. For example, one petition challenged the Second Circuit's "focus on mid-to-late 19th-century history" in upholding various restriction on the public carry of firearms—a distant relative of the issue in *Rahimi*, yet virtually identical to the issues presented here. Pet. for Writ of Cert. at 11, 21–22, *Antonyuk v. James*, 144 S. Ct. 2709 (2024).

Accordingly, the State's attempt to cast the issues in *Wolford* and *Hemani* as "entirely dissimilar" to those at issue in this appeal, Resp. at 5, fails to counter the overwhelming number of GVRs after *Rahimi* and the fact that the Supreme Court already appears to be holding petitions with issues different from those presented in *Wolford* and *Hemani*, *see, e.g.*, Pet. for Writ of Cert. at i, *Nat'l Rifle Ass'n v. Glass*,

4

No. 24-1185 (U.S.) (no docket activity since the Oct. 29, 2025, distribution for conference on Nov. 14, 2025, of petition presenting the question "[w]hether Florida's law banning 18-to-20-year-olds from purchasing firearms violates the Second Amendment."). The State thus fails to rebut Plaintiffs' showing that their petition will present a substantial question.

Third, the State's invocation of irreparable harm rings hollow in the context of this appeal. *See* Resp. at 6–8. Good cause exists to stay the mandate to preserve the status quo that has existed for the past two-and-a-half years since the district court enjoined the carrying ban for public demonstrations (and, for the locations-selling-alcohol ban, for over 250 years because the district court enjoined the restrictions on public carry at establishments that sell alcohol for onsite consumption before those restrictions took effect). FED. R. APP. P. 41(d)(1). A stay to preserve that injunction protects against the irreparable harm that Plaintiffs would suffer from the inability to exercise their constitutional right to carry firearms in those locations. *See Senne v. Village of Palatine*, 695 F.3d 617, 619 (7th Cir. 2012) (Ripple, J., in chambers) (noting irreparable injury can show good cause to support a stay); *Ross v. Meese*, 818 F.2d 1132, 1135 (4th Cir. 1987) ("[T]he denial of a constitutional right . . . constitutes irreparable harm for purposes of equitable jurisdiction."). Although the panel majority reached a contrary conclusion on the merits, this Court should now weigh the strength of Plaintiffs' showing that their petition will present a

5

substantial question with the prospect that they will suffer irreparable harm in ruling on the stay motion. *See Quince Orchard Valley Ass'n v. Hodel*, 872 F.2d 75, 79 (4th Cir. 1989) ("If the likelihood of success on the merits is great, the need for showing the probability of irreparable harm is less."); *Rostker v. Goldberg*, 448 U.S. 1306, 1309 (1980) (Brennan, J., in chambers) (The task "is not to determine [this Court's] own view on the merits.").

Tellingly, the State did not move for a stay of the district court's injunction, notwithstanding its new newfound protestations of harm to the public. The public-carry ban's unenforceability in these locations for two-and-a-half years weighs heavily against the State's belated invocation of irreparable harm. *See Benisek v. Lamone*, 585 U.S. 155, 160 (2018) ("In considering the balance of equities among the parties, we think that plaintiffs' unnecessary, years-long delay in asking for preliminary injunctive relief weighed against their request."). What is more, the State fails to identify a single concrete example from that period in which its inability to enforce these two restrictions has resulted in the harms that the State hypothesizes might occur if this Court stays the mandate. *See* Resp. at 7–8. And by diminishing the significance of a stay as having "limited immediate effect," the State tacitly concedes that any harm it will suffer from a stay is negligible. Resp. at 6. This Court should not permit the State's late-hour invocation of irreparable harm after having

sat on its rights for 30 months to outweigh the numerous considerations that favor a stay.

## CONCLUSION

If the Second Amendment is truly "not 'a second-class right,'" *Bruen*, 597 U.S. at 70 (quoting *McDonald v. City of Chicago*, 561 U.S. 742, 780 (2010) (plurality op.)), the loss of the freedoms that it secures undeniably constitutes irreparable injury, *cf. Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality op.) (The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). In light of the State's total failure to rebut Plaintiffs' strong showing that their forthcoming petition will present a substantial question and that the Supreme Court is reasonably likely, at a minimum, to GVR, Plaintiffs respectfully request that this Court grant Plaintiffs' motion to stay the mandate.

Dated: February 13, 2026                    Respectfully Submitted,

/s/*John Parker Sweeney*                     /s/*David H. Thompson*
John Parker Sweeney                          David H. Thompson
James W. Porter, III                         Peter A. Patterson
William Chadwick Lamar, Jr.                  Megan Marie Wold
BRADLEY ARANT BOULT CUMMINGS LLP             William V. Bergstrom
1900 K Street, NW                            COOPER & KIRK, PLLC
Suite 800                                    1523 New Hampshire Ave., N.W.
Washington, DC 20006                         Washington, D.C. 20036
Phone: (202) 719-8216                        Phone: (202) 220-9600
jsweeney@bradley.com                         dthompson@cooperkirk.com
jporter@bradley.com                          ppatterson@cooperkirk.com
clamar@bradley.com                           mwold@cooperkirk.com
                                             wbergstrom@cooperkirk.com

*Attorneys for Plaintiffs-Appellants /
Cross-Appellees Susannah Warner Kipke
and Maryland State Rifle and Pistol
Association, Inc.*

*Attorneys for Plaintiffs-Appellants /
Cross-Appellees Katherine Novotny,
Sue Burke, Esther Rossberg,
Maryland Shall Issue, Inc., Second
Amendment Foundation, and
Firearms Policy Coalition*

/s/*Mark W. Pennak*
Mark W. Pennak
LAW OFFICES OF MARK W. PENNAK
7416 Ridgewood Ave.
Chevy Chase, MD 20815
Tel: (301) 873-3671
mpennak@marylandshallissue.org

*Attorney for Plaintiffs-Appellants /
Cross-Appellees Katherine Novotny,
Sue Burke, Esther Rossberg,
Maryland Shall Issue, Inc., Second
Amendment Foundation, and
Firearms Policy Coalition*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of FED. R. APP. 27(d)(2)(C) because this motion contains 1,669 words, excluding the parts of the motion exempted by FED. R. APP. 27(d)(2) and 32(f).

This motion complies with the typeface requirements of FED. R. APP. 32(a)(5) and the typestyle requirements of FED. R. APP. 32(a)(6) because this motion has been prepared in proportionally spaced typeface, 14-point Times New Roman font, using Microsoft Word.


Dated: February 13, 2026           /s/ *David H. Thompson*
                                   David H. Thompson

                                   *Counsel for Plaintiff-Appellants /*
                                   *Cross-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I electronically filed the foregoing motion with the Clerk of this Court by using the appellate CM/ECF system. The participants in this case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

Dated: February 13, 2026          /s/ *David H. Thompson*
                                   David H. Thompson

                                   *Counsel for Plaintiff-Appellants /*
                                   *Cross-Appellees*

10